**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 21-cv-02216-NYW

C.L.D.,[1]

      Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[2]

      Defendant.

---

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff C.L.D.'s ("Plaintiff") Complaint and Petition for Review filed on August 15, 2021. [Doc. 1]. This matter arises under a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, both originally filed on March 11, 2019. The issues before the Court have been fully briefed. On December 17, 2021, Plaintiff submitted her Opening Brief. [Doc. 11]. On February 16, 2022, Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Defendant" or the "Commissioner"), submitted her Response Brief. [Doc. 14]. On March 7, 2022, Plaintiff submitted her Reply Brief. [Doc. 17]. The questions presented are

---

[1] The Local Rules for this District provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiffs by initials only." D.C.COLO.LAPR 5.2(b). Accordingly, this court refers to Plaintiff using her initials only.

[2] On July 9, 2021, President Biden appointed Kilolo Kijakazi as Acting Commissioner of Social Security. No further action is necessary to continue this suit pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d).

ripe for resolution without the need for oral argument.  For the reasons set forth below, the Court **AFFIRMS** the Commissioner's decision.

## BACKGROUND

Plaintiff is a sixty-year-old individual—fifty-eight at the time of the decision that is the subject of this appeal—who alleges that she is disabled within the meaning of sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act (the "Act").  *See* 42 U.S.C. §§ 401-33.  She sought disability benefits under the Act in light of a number of alleged physical and mental disabilities.  *See* [Doc. 9-2 at 36-39].[3]  Those alleged disabilities included memory loss and chronic pain following a series of strokes Plaintiff experienced prior to 2014.  [*Id.*].  She previously worked at Walmart as a sales associate for a "long time," [*id*. at 67], but ceased working in 2013 because she "had been experiencing pain and no longer had the energy to continue working," [Doc. 9-7 at 529].

On March 11, 2019, Plaintiff applied for a period of disability and disability insurance benefits under the Act, as well as for supplemental security income ("SSI").  [Doc. 9-2 at 31].  On December 10, 2020, the Administrative Law Judge ("ALJ") assigned to Plaintiff's case held a hearing regarding Plaintiff's application for benefits.  [*Id.*].  Plaintiff originally alleged the date of the onset of her disability was October 13, 2013; at the hearing, however, she modified the alleged onset of her disability to November 12, 2018.  [*Id.*].  On January 14, 2021, the ALJ determined that Plaintiff was "not disabled under sections 216(i) and 223(d) of the Social Security Act."  [*Id.* at 43].

---

[3] When citing to the Administrative Record, the court utilizes the docket number assigned by the Electronic Case Filing ("ECF") system and the page number associated with the Administrative Record, found in the bottom right-hand corner of the page.  For all other documents, the court cites to the document and page number generated by the ECF system.

Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council, which denied review in a letter dated June 24, 2021. [*Id.* at 2]. The ALJ's decision therefore represented the Commissioner of Social Security's decision as of that date. *See* 20 C.F.R. §§ 404.900(a)(5), 404.955(b), 404.981, 416.1400(a)(5), 416.1455(b), 416.1481, 422.210(a). Plaintiff timely initiated the present action pursuant to 42 U.S.C. § 405(g), which provides for judicial review of final decisions by the Commissioner. *See* [Doc. 1]. With this factual background in mind, as well as a complete review of the administrative record, [Doc. 9], the Court turns to a consideration of the legal standards that will govern its resolution of this case.

## LEGAL STANDARD

### I.      Standard of Review

After the Commissioner issues a final decision, a claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). This review is not expansive; indeed, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" and binding upon a district court. [*Id.*]. This means that the Court will uphold the Commissioner's decisions where an ALJ has applied the correct legal standard in a decision "supported by substantial evidence."[4] *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). Failure to apply the correct legal standard "is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "Substantial

---

[4] The Court pauses briefly to note that Plaintiff argues that the Commissioner has intentionally omitted the requirement that the Court consider whether the correct legal standards were applied. [Doc. 17 at 1]. Without passing on the reason behind such omission, the Court analyzes both whether the ALJ applied the correct legal analysis and whether the decision, under the correct legal standard, is supported by substantial evidence.

evidence," in turn, need only constitute sufficient evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Given the centrality of the ALJ's consideration of the evidence to the instant case, the Court must also analyze whether she considered all of the relevant evidence and adequately explained her rationale for crediting or discrediting it. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998). Where an ALJ fails to consider or adequately explain a relevant piece of evidence, a court may remand an appeal for further factfinding or clarification. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (noting that an ALJ's failure to explain evidence relevant to each factor in an appeal related to SSI benefits was grounds for remand). That said, while a reviewing court should—and will—meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Thompson*, 987 F.2d at 1487.

## II.   Evaluation Process

The Commissioner applies a five-step sequential evaluation process for determining whether a claimant is disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). These include:

1. Whether the claimant has engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment or combination of impairments;

3. Whether the claimant has an impairment that meets or medically equals any listing found at Title 20, Chapter III, Part 404, Subpart P, Appendix 1;

4. Whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and

5. Whether the claimant can perform work that exists in the national economy, considering the claimant's RFC, age, education, and work experience.

*See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five-step process). "The claimant bears the burden of proof through step four of the analysis," while the Commissioner bears the burden of proof at step five. *Neilson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

An individual is disabled for the purposes of the Act where her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.905. When a claimant has one or more physical or mental impairments, the Commissioner must consider the combined effects in making a disability determination. 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

In formulating a claimant's RFC, the ALJ must consider the combined effect of all the claimant's medically determinable impairments, including those that are severe and those that are non-severe. *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013); *Ray v. Colvin*, 657 F. App'x 733, 734 (10th Cir. 2016). A claimant's RFC is the most work the claimant can perform, not the least. SSR 83-10, 1983 WL 31251, at *7 (SSA 1983).

"'The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical

evidence (e.g., daily activities, observations).'" *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quoting SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.")).  The ALJ is not tasked with identifying "specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category," and as such the court will uphold the RFC assessment if it is consistent with the record and supported by substantial evidence.  *See Howard v. Barnhart*, 379 F.3d 945, 947, 949 (10th Cir. 2004).  It is this legal framework that will govern the Court's resolution of the instant matter.

## ANALYSIS

Plaintiff raises five arguments in her Opening Brief, which the Court considers in turn below.  Consistent with the precedent of the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), the Court will not consider new arguments raised in her Reply.  *Hendrick v. Rockwell Intern. Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994) (noting that arguments raised for the first time in a reply brief are generally forbidden).

## I.     Failure to Include Mental Limitations in RFC Analysis

First, Claimant argues that the ALJ failed to adequately assess Plaintiff's mental impairments in her RFC analysis.  [Doc. 11 at 2-9].  Upon review of the record before it, this Court concludes that the ALJ adequately considered Plaintiff's mild-to-moderate mental impairments and determined that they did "not meet or medically equal the criteria of listings 12.02 and 12.04." [Doc. 9-2 at 34].  That factual finding is supported by substantial evidence, as articulated in the administrative record.  *See* [*id.* at 34-36].  Indeed, the Tenth Circuit has held that "moderate" difficulties need not be included in an ALJ's RFC conclusions.  *See, e.g.*, *Beasley v. Colvin*, 520

F. App'x 748, 754 (10th Cir. 2013) ("But the ALJ's finding of 'moderate difficulties' in social functioning in the 'paragraph B' criteria does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment. . . . The ALJ was under no obligation to include limitations in social functioning in Ms. Beasley's RFC based solely on his finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis.").  That is because the step-two and step-three determinations of mental impairments "are not an RFC assessment but are [instead] used to rate the severity of mental impairment(s)."  SSR 96-8P, 1996 WL 374184, at *4 (July 2, 1996).  As such, an ALJ's RFC determination is not inexorably tied to a step-three determination and would not bind the Court's decision here.

Nevertheless, that ALJs are not *required* to incorporate moderate limitations listed in step three of their analysis into their RFC decisions does not absolve them of the obligation to explain why they have failed to do so.  *See*, *e.g.*, *Crowder v. Colvin*, 561 F. App'x 740, 745-46 (10th Cir. 2014) ("[T]he ALJ's failure to address concentration, persistence, and pace in his RFC analysis is puzzling given that at step three, he assessed [the claimant] with moderate limitations in this area. . . . Nor does the decision otherwise explain why he did not include in the RFC any limitations in concentration, persistence, and pace.").  Yet, in this case, the ALJ *did* explain why the moderate limitations expounded upon at step three were not included in her RFC determination.  *See* [Doc. 9-2 at 40 (detailing why Plaintiff's mental impairments did not provide sufficient evidence that she possessed "more significant mental limitations than what has been provided in the residual functional capacity" and discussing her precise symptoms)].  Therefore, the Court is not persuaded that this argument justifies remand.

## II.    Legal Errors in Evaluating Medical Evidence

Plaintiff next contends that the ALJ legally erred in considering Plaintiff's medical evidence.  [Doc. 11 at 9-10].  Specifically, the ALJ determined that "[t]he opinion of Dr. David Benson, Ph.D."—a psychologist who examined Plaintiff once—was "not persuasive."  [Doc. 9-2 at 42].  For support, Plaintiff correctly notes that an ALJ may not rely on "speculation, credibility judgments, or lay opinion."  [Doc. 11 at 10 (citing *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004))]; *see McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).  Instead, an ALJ must rely on contradictory medical evidence.  *Id.*  ("In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." (internal quotation marks omitted) (emphasis in original omitted)).

It follows that—pursuant to the Tenth Circuit's teachings—the Court considers whether the ALJ relied on such contradictory evidence in reaching her conclusion that the opinion of Dr. Benson was not persuasive.  Upon review of the record before it, the Court concludes that the ALJ appropriately considered the opinions of six doctors: Dr. Aaron Snyder, Dr. Carol Phelps, Dr. A. Severance, Dr. Gayle Frommelt, Dr. Anne Naplin, as well as Dr. Benson.  [Doc. 9-2 at 41-42].  With respect to mental impairments in particular, she contrasted the findings of Drs. Frommelt and Naplin with those of Dr. Benson.  [*Id.*].  The ALJ, acting as a factfinder, reasoned that Drs. Frommelt and Naplin's opinions were more persuasive than Dr. Benson's.  [*Id.*].

On the one hand, Dr. Frommelt found that Plaintiff had a set of five specific limitations: "(1) moderate limitation in understanding, remembering, or applying information; (2) no limitation in interacting with others; (3) moderate limitation in concentration, persistence, or maintaining

pace, and; (4) mild limitation in adapting or managing oneself." [*Id.* at 41]. Dr. Naplin concurred. [*Id.* at 42]. The ALJ specifically noted that the doctors cited Plaintiff's prior medical records in their analysis, and concluded that Plaintiff's "general lack of mental health treatment longitudinally is overall consistent with the doctors' prior administrative findings and show [Plaintiff] is not further limited." [*Id.*].

On the other hand, Plaintiff was examined on one occasion by a psychologist, Dr. Benson, who opined on certain "moderate to marked" levels of mental impairment. [Doc. 11 at 9]. The ALJ found that his opinions from that examination were inconsistent and vague, writing that:

> Dr. Benson's finding that the claimant's memory was overall fair, she had a good general fund of information and good to fair general fund of knowledge, good understanding of abstract proverbs, and good overall judgment and abstract reasoning ability, does not support his opinion. The claimant's general lack of mental health complaints and treatment longitudinally inconsistent [sic] with Dr. Benson's opinion.

[Doc. 9-2 at 42]. Weighed against two consistent analyses of Plaintiff's cognitive abilities, the ALJ exercised her judgment and determined that a single examination—seemingly at odds with Plaintiff's limited history of treatment for mental impairments—was less persuasive. That is in line with her role, and does not constitute legal error. Because this Court does not review the ALJ's factual findings *de novo*, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court therefore will not disturb the ALJ's reasoning on this point.

### III.    Failure to Include Plaintiff's Reaching Limitations in RFC Finding

Plaintiff's next argument is that the ALJ failed to consider Plaintiff's reaching and handling limitations in her RFC findings. [Doc. 11 at 10-12]. The Commissioner argues that is not the case, [Doc. 14 at 19-20], and this Court finds that the ALJ's decision regarding Plaintiff's RFC includes a substantive discussion of Dr. Severance's examination of Plaintiff's physical

limitations, and specifically references his findings that Plaintiff should "never reach overhead" but that "she could frequently reach forward, handle, finger, and feel." [Doc. 9-2 at 41]. The ALJ weighed this evidence, and found it unpersuasive. In particular, she concluded that "[t]he evidence of the mild findings on [Plaintiff's] objective imaging scans as well as the conservative nature of [Plaintiff's] treatment [was] inconsistent with Dr. Severance's opinion." [*Id.*]. As noted, the Court does not reverse the ALJ's factual determinations where they are supported by substantial evidence. *See Howard*, 379 F.3d at 949. The record bears out such substantial evidence, which the ALJ clearly relied on in reaching her decision. *See* [Doc. 9-2 at 41-43]; *see also, e.g.*, [Doc. 9-3 at 90-91, 107, 125, 146-47; Doc. 9-7 at 537]. As such, Plaintiff's argument fails.

## IV.     Inability to Perform Past Work

Plaintiff's fourth contention is that the ALJ based her finding on factual and legal error in determining that Plaintiff was able to perform certain light work. [Doc. 11 at 12]. Plaintiff contends that she was required to lift up to fifty pounds. [*Id.*]. She argues that this is "far in excess of the demands of light work which allows for lifting no more than [twenty] pounds." [*Id.*]. The Commissioner responds to this argument by contending that Plaintiff's argument is of "no import because the ALJ also found that she could perform her past relevant work as it was *generally* performed." [Doc. 14 at 19 n.7]. Specifically, the Commissioner argues that the ALJ's light-work determination rested on a general definition of her work that "required lifting only [twenty] pounds occasionally and [ten] pounds frequently." [*Id.*].

This Court respectfully agrees with the Commissioner on this point. The Tenth Circuit has been clear on this point: Plaintiff bears the burden of proving that she is unable to perform the functions of her job as it is *generally* performed in the national economy. *See, e.g.*, *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993) (holding that "past relevant

work" includes not only a plaintiff's particular former job, but also his or her former occupation as it is generally performed in the national economy).  Plaintiff argues that the ALJ concluded that she was able to perform her former role as it was "actually performed," [Doc. 11 at 12], but the ALJ explicitly noted that "[t]he term past relevant work means work performed (*either* as [Plaintiff] actually performed it *or* as it is generally performed in the national economy)." [Doc. 9-2 at 33 (emphasis added)].  Relevant here, she concluded that Plaintiff "is able to perform" her former role as "generally performed" in her RFC analysis.  [*Id.* at 43].  The fact that she also concluded that Plaintiff was able to perform her role as "actually performed," [*id.*], is therefore not grounds for remand.

## V.      Constitutionality of ALJ and Appeals Council Appointments

Finally, much of the Parties' briefs concern whether Plaintiff is entitled to rehearing on her claims based on separation-of-powers grounds.[5]  Specifically, Plaintiff argues that statutory limitations on the President's ability to remove the Commissioner at will violate key constitutional principles (and that, by extension, the ALJ and Appeals Council appointed by the Commissioner lacked the authority to enter a decision on Plaintiff's claims). *E.g.*, [Doc. 11 at 12-15]; *see also* 42 U.S.C. § 902(a)(3).

Two initial matters are worth discussing.  First, Plaintiff has abandoned her argument over the constitutionality of the ALJ's appointment "because the ALJ issued his [sic] decision while former President Trump was still in office." [Doc. 17 at 12].  The Court will credit that concession, and will not consider the constitutionality of the ALJ's appointment.  Second, the Court notes that

---

[5] The Court notes that the Commissioner raises other arguments in opposition to Plaintiff's Opening Brief, including the harmless error doctrine, the de facto officer doctrine, the rule of necessity, and "Broad Prudential Considerations." [Doc. 14 at 12-16].  The Court will not address these arguments, as Plaintiff's separation-of-powers contentions fail both as a matter of procedure and on their own merits.

Plaintiff did not actually allege that the ALJ or Appeals Council lacked the Constitutional authority to consider her claim in her Complaint, which is just two paragraphs long. [Doc. 1]. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that any plaintiff must lay out a "short and plain statement of the claim showing that the pleader is entitled to relief." The Tenth Circuit has expounded on that standard, noting that the Rule itself is designed to give a defendant "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nascious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's Complaint falls short of that standard in this case, and she has accordingly waived the issue. *See United States v. Olano*, 507 U.S. 725, 733 (1993). Raising the claim in briefing is insufficient to avoid waiver, as courts in this District have found in similar cases regarding this very question. *See, e.g.*, *L.J. v. Kijakazi*, No. 21-cv-01066-REB, 2021 WL 6125398, at *3 (D. Colo. Dec. 28, 2021). Plaintiff's separation-of-powers argument is thus procedurally barred.

Yet, even if that were not the case, Plaintiff's claims would fail on their merits because the dispute before the Court is quite narrow. The Commissioner concedes that the removal provision contained in 42 U.S.C. § 902(a)(3) violates separation-of-powers principles in the wake of *Seila Law LLC v. Consumer Financial Protection Board*, 140 S. Ct. 2183 (2020). [Doc. 14 at 4]. The Department of Justice agrees. *See* Constitutionality of the Comm'r of Soc. Sec.'s Tenure Prot., 45 Op. O.L.C. 10-15 (July 8, 2021), https://www.justice.gov/olc. Indeed, just one day after the issuance of that opinion, President Biden removed former Commissioner Andrew Saul from his position and appointed the current Acting Commissioner following his removal. *See* Jim Tankersley, *President Biden Fired the Head of the Social Security Administration*, N.Y. Times, July 9, 2021, *available at* https://www.nytimes.com/2021/07/09/us/politics/biden-social-security-andrew-saul-fired.html.

The Court is thus left to consider whether the admitted unconstitutionality of 42 U.S.C. § 902(a)(3) warrants remand.  It concludes that it does not.  The United States Supreme Court teaches that "the unlawfulness of the removal provision does not strip the [Commissioner] of the power to undertake the other responsibilities of h[er] office."  *Collins v. Yellen*, 141 S. Ct. 1761, 1788 n.23 (2021).  It follows that Plaintiff cannot prevail in this appeal unless she may demonstrate that the unconstitutional removal provision *itself* caused the harms she alleges.  *See id.* at 1788-89. And, as courts in this District have repeatedly found, the unconstitutional removal provision has no causal nexus to the resolution of Plaintiff's appeal.  *See, e.g.*, *B.Z. v. Kijakazi*, No. 21-cv-01087-REB, 2022 WL 179335, at *4 (D. Colo. Jan. 20, 2022) ("Accordingly, plaintiff is not entitled to relief unless she can show the unconstitutional removal provision itself caused her compensable harm . . . .  For this reason, his constitutional arguments do not warrant remand for further hearing."); *L.J. v. Kijakazi*, 2021 WL 6125398, at *4 (same).

In sum: the Court's review of the Commissioner's decisions is limited to addressing whether they are founded upon the correct legal standard and supported by substantial evidence. This "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Here, the ALJ explained her reasoning clearly and cited to an extensive medical record.  She applied the correct legal standard, and based her decision on substantial evidence.  As such, the Court **AFFIRMS** the Commissioner's decision.

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this action from its docket.

DATED:  September 23, 2022

BY THE COURT:

Nina Y. Wang
United States District Judge